**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IBRAHIM DIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01480 |
| v. | ) | |
| | ) | |
| LEONARD ODDO et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Mali, is currently detained at Moshannon Valley Processing Center and has been held there since June 29, 2026. (ECF No. 1, at 5). On February 18, 2000, Petitioner was admitted into the United States through the New York, New York Port of Entry as a B-2 visitor with authorization to remain in the United States for a temporary period of time, not to exceed May 17, 2000. (ECF No. 6, at 2). After the former Immigration and Naturalization Service ("INS") encountered Petitioner engaging in unauthorized employment, he was served with a Notice to Appear. *Id*. Petitioner was granted a "voluntary departure," which ordered him to depart on or before May 17, 2000. *Id*. Petitioner did not depart by May 17, 2000 and his Order of Removal became final. *Id*.

Petitioner was detained on March 12, 2026 after reporting to the Department of Homeland Security ("DHS"). *Id*. ICE served Petitioner with a Notice of Revocation of Release. *Id*. Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania, which granted Petitioner's Petition and ordered him to be released. *Id*. The Eastern District of Pennsylvania reasoned that "the order to revoke Dia's supervision issued

from multiple officials who were addressing proper concerns, but it did not issue from anyone the respondents have shown to have authority to do so[.]" (ECF No. 1, at 24).

When Petitioner was detained in March, 2026, ICE was in the process of seeking travel documents to effectuate Petitioner's removal to Mali. (ECF No. 6, at 2). Those documents arrived on May 5, 2026, after the Eastern District of Pennsylvania had ordered Petitioner's release. *Id*. More than a month later, on June 24, 2026, Petitioner was re-detained to effectuate his removal. *Id*. Petitioner was thereafter scheduled for removal on July 27, 2026, but, according to Deportation Officer Brock Fisher, Petitioner refused to exit the ICE van and was returned to Moshannon Valley Processing Center. (ECF No. 6-4, at 2). Petitioner's travel documents expired on August 12, 2026 and another request for new travel documents has since been submitted to Mali. *Id*.

## I. DISCUSSION

Petitioner filed the present Petition for Writ of Habeas Corpus on July 31, 2026. (ECF No. 1). In that Petition, Petitioner claimed that he had been detained in total approximately one-hundred days. (ECF No. 1, at 6). Petitioner argues that his detention has become unreasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner also argues that his Order of Supervision was revoked in violation of the Due Process Clause of the 5th Amendment and the Administrative Procedure Act (ECF No. 1, at 10-12).

### A. Revocation of Petitioner's Order of Supervision

Petitioner was ordered removed to Mali on May 18, 2000. (ECF No. 6-5, at 1). On June 24, 2026, ICE notified Petitioner that his Order of Supervision granted on May 6, 2026 was revoked because ICE had obtained his travel documents from Mali and scheduled his removal to that nation to take place on July 27, 2026. *Id*. Respondents argue that this Court lacks jurisdiction

to review Petitioner’s re-detention for the purpose of executing his removal order. (ECF No. 6, at 6).

8 U.S.C. § 1252(g) strips district courts of jurisdiction over “any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to … execute removal orders[.]” The Third Circuit held in *Tazu v. Att'y Gen.*, 975 F.3d 292, 298-99 (3d Cir. 2020), that § 1252(g) stripped the Court of jurisdiction to review the Government's decision to re-detain the petitioner because it was the enforcement mechanism the Attorney General picked to execute his order of removal. And this Court has found that § 1252(g) strips the district court of jurisdiction to review the revocation of an Order of Supervision when it is done for the purpose of removing the petitioner to the country designated in his final order of removal. *Roe v. Oddo*, No. 3:25-cv-128, 2025 WL 30300692, at *14 (W.D. Pa. Oct. 30, 2025) (citing *Tazu*, 975 F.3d at 299).

Petitioner asks this Court to review that same type of decision in this case. Petitioner has an active Order of Removal. (ECF No. 6-3, at 1). And Respondents revoked Petitioner's Order of Supervision when it had obtained travel documents to Mali for the Petitioner. (ECF No. 6-5, at 1). Just as in *Roe*, Petitioner’s Order of Supervision was revoked for the purpose of removing him the country designated in his final order or removal. 2025 WL 3030692, at *14. Therefore, § 1252(g) prevents the Court from adjudicating Petitioner’s claim that his Order of Supervision was wrongfully revoked.

**B. Plaintiff’s Challenge to the Reasonableness of his Detention**

When an order of removal becomes final, “the Attorney General shall remove the alien from the United States within a period of 90 days.” 8 U.S.C. § 1231(a)(1)(A). During this 90-day “removal period” detention of the alien is mandatory. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022). The removal period may continue past ninety days “if the alien fails or refuses

to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Detention of an alien subject to a final order of removal cannot be indefinite. Ordinarily, after six months, an alien may challenge his continued detention as unreasonable, although in appropriate circumstances, such a challenge can be appropriate sooner. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to offer such a rebuttal, the alien's detention no longer "bears a reasonable relation to the purpose for which the individual was committed[.]" *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

In Petitioner's Petition, he argues that he has been detained for approximately one hundred days. (ECF No. 1, at 6). Petitioner arrived at this number by combining his detention period from February 12, 2026 to April 30, 2026 and then from June 29, 2026 to July 30, 2026 (the date the present Petition was filed). *Id*. Even assuming that Petitioner has been detained for the mandatory ninety days when the periods of detention are considered cumulatively, the removal period may continue when a petitioner has acted to prevent his own removal. *See* 8 U.S.C. § 1231(a)(1)(C). On July 27, 2026, Petitioner was scheduled for removal, but refused to exit the ICE van. (ECF No. 6-4, at 2). He was subsequently returned to Moshannon Valley Processing Center and placed into Failure to Comply status. *Id*. Therefore, Petitioner's mandatory detention was extended in accordance with § 1231(a)(1)(C). *See Agoha v. Oddo*, No. 3:25-cv-553, 2026 WL 1045411, at *2 (W.D. Pa. April 17, 2026) (holding that petitioner's arguments that his removal is not foreseeable was not credible where petitioner refused to board commercial flight to his country of origin).

Nonetheless and beyond that, Petitioner has failed to show "that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701. Respondents submitted the Declaration of Deportation Officer Brock Fisher, who stated that new travel documents have been requested from Mali. (ECF No. 6-4, at 2). In fact, Malian travel documents were already obtained for Petitioner, but expired on August 12, 2026, after Petitioner refused to comply with his removal scheduled for July 27, 2026. *Id*. Petitioner's argument that his detention has become unreasonable under *Zadvydas* fails. *See Diaw v. Oddo*, No. 3:25-cv-131, 2025 WL 2597442, at *4 (W.D. Pa. Aug. 11, 2025) (finding petitioner did not show there was no significant likelihood of his removal in the reasonably foreseeable future where respondents had "shown that steps have been taken to carry out petitioner's removal.").

## II. CONCLUSION

This Court lacks jurisdiction to adjudicate Petitioner's contention that Respondent's decision to revoke his Order of Supervision violated the Due Process Clause of the 5th Amendment or the Administrative Procedure Act. Additionally, Petitioner's claim that his detention has become unreasonable fails because he has refused to comply with his order or removal, and, in any event, Petitioner has not show that there is no substantial likelihood of his removal in the reasonably foreseeable future.

AND NOW, this 11th day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is DENIED.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2026